828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ann HEADRICK, Plaintiff-Appellant,
v.
Malati MULTANI, MD; Earl Lynn Nichols and Toledo Mental
Health Center, Agent for Ohio Department of Mental
Health, Defendants-Appellees.
 No. 86-4041
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 ORDER
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 
 1
 Plaintiff has appealed the district court judgment which dismissed her civil rights action as barred by the statute of limitations. Upon consideration of the record and the briefs, this panel unanimously agrees that oral argument is unnecessary. Fed. R. App. P. 34(a).
 
 
 2
 On December 26, 1985, plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 1983 wherein she named Dr. Multani, a private physician, Earl Lynn Nichols, a person whose relationship to plaintiff is unknown and the Toledo Mental Health Center (TMHC) as defendants. According to the complaint, defendant Nichols arranged for plaintiff to see Dr. Multani to discuss 'psychic phenomena.' After a brief discussion with Dr. Multani, defendant Nichols escorted plaintiff to the TMHC, where she remained 'incarcerated' until December 17, 1984. Plaintiff was then transferred to St. Vincent's Hospital.
 
 
 3
 While the district court improperly dismissed the action as barred by the statute of limitations, because plaintiff's cause of action was tolled during her hospitalization, the district court's dismissal may properly be affirmed on other grounds. Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985).
 
 
 4
 As to defendant Nichols, plaintiff has waived her right to challenge his dismissal under the doctrine of Thomas v. Arn, 474 U.S. 140 (185). Defendant Nichols' motion to dismiss was referred to a magistrate who issued a report and recommendation on September 23, 1986. Plaintiff did not file objections thereto as required by the notice of filing that accompanied the magistrate's report and recommendation. Plaintiff has waived her right to do so. Defendant Nichols' dismissal is properly affirmed, moreover, because plaintiff failed to allege that he was acting under color of state law as required by Sec. 1983. See, e.g., Gomez v. Toledo, 446 U.S. 635 (1980).
 
 
 5
 The same is true of defendant Multani. A review of plaintiff's complaint reveals that she does not allege a conspiracy between the private defendants (Multani and Nichols) and the state defendant (TMHC). Her claim against TMHC is in the nature of a medical malpractice claim in refusing her the medicine she claimed she needed that was prescribed by her gynecologist. Her conclusory allegations against TMHC, accepted as true, simply fail to state a claim upon which relief could be granted. See Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir. 1985). In addition, plaintiff's claims against TMHC are for money damages; the state is immune from such an action. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984); Foulks v. Ohio Dep't of Rehabilitation and Correction, 713 F.2d 1229 (6th Cir. 1983).
 
 
 6
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.